**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHIGAN BRICKLAYERS AND ALLIED
CRAFTWORKERS HEALTH CARE FUND, et
al.,

      Plaintiffs,

v.                                                                                  Case No. 05-CV-72104-DT

CHRISTIN MASONRY, INC., et al.,

      Defendants.
                                                                /

**ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE
CLERK'S ENTRY OF DEFAULT
AND
DENYING PLAINTIFFS' MOTION FOR PARTIAL DEFAULT JUDGMENT**

Pending before the court is Plaintiffs' "Motion for Partial Default Judgment" and Defendants' "Motion to Set Aside the Clerk's Entry of Default." Having reviewed the motions, the court finds a hearing to be unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny Plaintiffs' motion and grant Defendants' motion.

**I. BACKGROUND**

Plaintiffs initiated this action on May 27, 2005, seeking to collect unpaid fringe benefit contributions pursuant to 29 U.S.C. § 1132 of the Employment Retirement Income Security Act ("ERISA"). On July 26, 2005, the court entered an order granting Plaintiffs' motion for alternate service. On that same day, Defendants Christian Masonry, Inc., Kristine Wargo and Jeff Wargo were served pursuant to the directives of the court's order. Specifically, Plaintiffs served Defendants by firmly affixing a copy of the summons and complaint on the individual Defendants' place of residence and the

business Defendant's current job site, and by mailing the summons, complaint and July 26 order to the individual Defendants' residence. (*See* 7/26/05 Order.) Defendants did not file an answer, and Plaintiffs obtained a clerk's entry of default on August 17, 2005. On August 22, 2005, Plaintiffs filed the instant motion for a partial default judgment, and on August 26, 2005, Defendants filed a motion to set aside the default.

## II.  STANDARD

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

When evaluating a motion to set aside a default, the court should consider three factors:

   (1)   whether the default was the result of the defendant's willful or culpable conduct;

   (2)   whether the plaintiff would be prejudiced by setting aside the judgment; and

   (3)   whether the defendant presented any meritorious defenses following the default.

*United Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1989).  The Sixth Circuit has further stated:

   Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits . . . .  Since the interests of justice are best served by a trial on the merits, only after a careful study of all relevant considerations should courts refuse to open default judgments.

*United Coin*, 705 F.2d at 846 (internal citations omitted).

### III.  DISCUSSION

### A.  Prejudice

The absence of prejudice weighs in favor of setting aside the default.  Plaintiffs assert that they will be prejudiced if the default is set aside because it will stall the collection of the funds that Plaintiffs seek as their ultimate relief.  However, in order to establish prejudice, Plaintiffs must point to something more than mere delay. *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429, 433 (6th Cir. 1996).  Every default that has been set aside has necessarily resulted in some delay in the proceedings.  Instead, "the delay must result in tangible harm such as loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion." *Id.* at 433-34.  Thus, a mere delay in the proceedings is not enough to constitute prejudice.

Aside from delay, Plaintiffs have not articulated any identifiable prejudice that they will suffer if the default is set aside.  Instead, Plaintiffs' argument is essentially that they will suffer prejudice because Defendants will be allowed to litigate the case. Plaintiffs' general assertion, however, that their complaint is meritorious does not establish any prejudice in setting aside the default.  Indeed, if Plaintiffs' allegations are correct, they will not be prejudiced by a set-aside because ultimately they will still obtain a judgment against Defendants.

In the absence of any other allegation of prejudice, and considering the short time between the entry of default and the motion to set aside, the court finds that Plaintiffs will not be prejudiced in setting aside the default.

### B. Meritorious Defense

Defendants have also alleged the existence of a meritorious defense. "In order to establish a 'meritorious defense,' the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson,* 95 F.3d at 433 (citing *INVST Financial Group*, *Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398-99 (6th Cir. 1987)).

Defendant Christian Masonry alleges that it was "fraudulently induced and/or coerced into signing the Union contract, rendering it void." (Def.'s Mot. at 4.) Plaintiffs first argue that Defendants allege no facts in support of this claim. The court rejects this argument because Defendants do not have to *prove* the allegation at this stage, only proffer that a meritorious defense exists. Plaintiffs also argue that fraud in the inducement is not a defense to ERISA actions for benefit contributions. It is true that § 515 of ERISA precludes employers from appealing to defects in a collective bargaining agreement's formation "such as fraud in the inducement, oral promises to disregard the text, or the lack of majority support for the union and the consequent ineffectiveness of the pact under labor law" to justify a failure to make contributions to the third-party beneficiary funds. *Central States Areas Pension Fund v. Gerber Truck Serv., Inc.*, 870 F.2d 1148, 1153 (7th Cir. 1989).

Fraud in the execution, however, is a valid defense to a § 515 claim. Fraud in the execution, sometimes called "fraud in the factum" arises when "a misrepresentation as to the character or essential terms of a proposed contract *induces conduct* that appears to be a manifestation of assent by one who neither knows nor has reasonable opportunity to know of the character or essential terms of the proposed contract." *Iron*

4

*Workers' Local No. 25 Pension Fund v. Nyeholt Steel, Inc.,* 976 F. Supp. 683, 688 (E.D. Mich. 1997) (quoting Restatement (Second) of Contracts § 163 (1981)) (emphasis added). Defendant Christian Masonry's allegation could be construed to assert a fraud in the execution defense, which would constitute a complete defense to Plaintiffs' complaint.[1] Accordingly, the court finds that this factor weighs in favor of setting aside the default as to Defendant Christian Masonry.

The factor also weighs in favor of setting aside the default as to the individual Defendants. Plaintiffs argue that the individual Defendants should be held liable for the company's failure to pay the benefit contributions on a breach of fiduciary duty theory, as well as on a piercing the corporate veil theory. Defendants, however, contend that Plaintiffs allegations have no factual basis, that there has been no misuse of company funds or other corporate misconduct, and that they cannot be held individually liable for the funds. The underlying facts which the parties dispute are not yet properly before the court. At this point, the court can find only that Defendants' facts, if proven, would establish a meritorious defense.

### C. Culpability

Two *United Coin* factors seen as weighing in favor of setting aside the default, the court turns next to the culpability factor. The court notes that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district

---

[1] The articulation of a fraud in the execution defense as found by the court constitutes a generous construction of Defendants' argument. This construction seems to the court as the barest "hint of a suggestion" of a meritorious defense. *See Thompson,* 95 F.3d at 433. In the event that only fraud in the inducement is actually presented as a defense, Plaintiffs' motion for summary judgment in part should be re-presented and reconsidered.

court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard Claims*, 796 F.2d at 194. "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Id.*

Plaintiffs argue that Defendants acted culpably because they knew of the lawsuit since at least early June yet failed to timely retain an attorney. As evidence of Defendants culpability, Plaintiffs point to Defendants' alleged willful evasion of service, which led to the granting of an order for alternate service. While it may appear that Defendants originally attempted to evade service, it is more clear that after being served with the summons and complaint, Defendants acted diligently to obtain an attorney and respond to this lawsuit.

Even the purported evasion of service would not be enough to tip the balance against setting aside the default. The Sixth Circuit has stated that when a party has demonstrated the existence of a meritorious defense and the absence of prejudice to the other party, a "dramatic balancing of the factors would be required" to uphold a district court's refusal to set aside an entry of default. *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292-93 (6th Cir. 1992). In *Waifersong*, the court noted that "it would require particularly culpable conduct by defendants to outweigh those two factors and tip the balance toward denial of relief." *Id.* at 293.

In this case, the complaint was served on July 26, 2005, making the answer due on August 15, 2005. According to Defendants, after being served with the complaint, they contacted Stanley Moore at Plunkett & Cooney, PC regarding possible representation. (Defs.' Mot. at 2.) Mr. Moore informed Defendants on August 9 that he

6

would not be able to represent them. (*Id.*) Defendants next contacted Leigh H. Savage of Beadle, Burket, Sweet & Savage, PLC, who had not previously represented them. (*Id.*) Mr. Savage met with Defendant Jeff Wargo on Friday, August 12, and immediately thereafter contacted Plaintiffs' counsel. (*Id.* at 3.) Plaintiffs' counsel agreed to send Mr. Savage a copy of the collective bargaining agreement (the "CBA"), but did not in fact send the agreement until August 15, 2005 (*See* Pl.'s Resp. to Mot. to Set Aside at 3, n.4.), and on the very next day filed their request for default. (*See* Dkt. # 18.) Mr. Savage contacted Plaintiffs' counsel upon receipt of the CBA, on August 17, to discuss the case. It was then that Mr. Savage learned that Plaintiffs' counsel had obtained a clerk's entry of default. After being refused a stipulation to set aside the default, Defendants promptly filed the instant motion on August 26. Defendants' behavior, while possibly negligent,[2] does not evince "an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims*, 796 F.2d at 194. Accordingly, the court will set aside the clerk's entry of default.

In light of this ruling, Plaintiffs' motion for default judgment will be denied as moot.

## IV.  CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendants' motion to set aside the clerk's entry of default [Dkt. # 23] is GRANTED.

---

[2] In the absence of an express agreement to extend time, it is certainly defense counsel's responsibility to timely file an answer. Under these circumstances, however, it was not obviously unreasonable for Mr. Savage to wait for receipt of the CBA before formulating an answer. In addition, for Plaintiff to mail Mr. Savage the CBA as he requested but then almost immediately file for default is, at least, peculiar.

IT IS FURTHER ORDERED that Plaintiffs' motion for partial default judgment [Dkt. # 21] is DENIED AS MOOT.

IT IS FURTHER ORDERED that Defendants shall file their answer on or before **September 19, 2005.**

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: September 14, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2005, by electronic and/or ordinary mail.

      S/Lisa G. Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522