## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

MICHIGAN BRICKLAYERS AND ALLIED
CRAFTWORKERS HEALTH CARE FUND, et
al.,

        Plaintiffs,

                                      Case No. 05-CV-72104-DT

v.

CHRISTIN MASONRY, INC., et al.,

        Defendants.

                                   /

### ORDER GRANTING IN PART PLAINTIFFS'
### MOTION FOR SANCTIONS AND TO COMPEL
### AND DENYING DEFENSE COUNSEL'S REQUEST TO WITHDRAW

Pending before the court is Plaintiffs' Motion for Sanctions and to Compel, in which Plaintiff seeks the individual Defendants' depositions. A response and reply have been filed. Having reviewed the briefs, the court finds a hearing to be unnecessary. *See* E.D. Mich. LR 7.1(e)(2). The court will grant Plaintiffs' motion in part.

### I. BACKGROUND

Plaintiffs initiated this action on May 27, 2005, seeking to collect unpaid fringe benefit contributions pursuant to 29 U.S.C. § 1132 of the Employment Retirement Income Security Act ("ERISA"). On July 26, 2005, the court entered an order granting Plaintiffs' motion for alternate service. On that same day, Defendants Christin Masonry, Inc., Kristine Wargo and Jeff Wargo were served pursuant to the directives of the court's order. Specifically, Plaintiffs served Defendants by firmly affixing a copy of the summons and complaint on the individual Defendants' place of residence and the business Defendant's current job site, and by mailing the summons, complaint and July

26 order to the individual Defendants' residence.  (*See* 7/26/05 Order.)  Defendants did

not file an answer, and Plaintiffs obtained a clerk's entry of default on August 17, 2005.

On August 22, 2005, Plaintiffs filed a motion for a partial default judgment, and on

August 26, 2005, Defendants filed a motion to set aside the default.  The court granted

the motion to set aside the clerk's entry of default and denied as moot Plaintiffs' motion

for partial default judgment.  The court ordered that Defendants file an answer on or

before September 19, 2005.  (9/14/05 Order.)

On September 20, 2005, Plaintiffs served several discovery requests on

Defendants consisting of a request for production of documents directed to both the

corporate Defendant Christin Masonry and to the individual Defendants, and

interrogatories directed to all Defendants.  Defendants have not responded to these

discovery requests with the exception of certain payroll records which, Plaintiffs state,

have been adequately presented.  On October 28, 2005, Plaintiffs filed a motion to

compel discovery to which Defendants did not respond.  This court granted that motion

on December 5, 2005.  (12/5/05 Order.)

Subsequently, Plaintiffs allege that Defendants have failed to produce the

documents as ordered by this court.  In their response, Defendants do not dispute this

allegation.  (1/03/06 Resp.)   Further, Plaintiffs served notices of deposition on

Defendants scheduled for December 15, 2005, which were cancelled at the request of

Defendants' counsel due to medical circumstances.  In their response Defendants

likewise do not dispute this allegation.  Moreover, in their reply, Plaintiffs contend that

Defendants did not appear for their rescheduled depositions on January 4, 2006.

(Reply at 2-3.)

2

Defendants have failed to present any meaningful explanation for their consistent failure to participate in the proceedings before the court.  Indeed, Defendants' counsel alleges in the response brief that the individual Defendants are not currently responding to any of his directions or requests.  Accordingly,

IT IS ORDERED that Plaintiffs' motion for sanctions and to compel [Dkt. # 36] is **GRANTED IN PART**.  The individual Defendants are **ORDERED** to personally appear for deposition on the notice of Plaintiffs' counsel not later than **January 31, 2006.** Defendants are further **ORDERED** to comply fully with this court's discovery order of December 5, 2005, not later than seven days before the scheduled deposition.  Any failure to comply with these requirements will result in sanctions, which may include witness or issue preclusion, default judgment and monetary sanctions.  Fed. R. Civ. P. 37.

Plaintiffs' counsel is **ORDERED** to file with the court on or before February 7, 2006, either a report specifying the status of Defendants' compliance with these orders if they have complied, or if they have not, a renewed motion for sanctions, which should specifically address the propriety of sanctions in the form a default judgment.  If a motion for sanctions is filed, Defendants' counsel is **ORDERED** to respond on or before the fourteenth calendar day after the motion is filed.

Finally, Defense counsel's request to withdraw, found within his response to Plaintiff's motion for sanctions, is **DENIED**.  Aside from the fact that the request should have been brought in a separately filed motion, rather than contained within a response brief, the court's fundamental premise in motions such as this is that, absent unusual

circumstances not presented here,  an attorney represents a client through the end of

litigation.[1]

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 6, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, January 6, 2006, by electronic and/or ordinary mail.

 S/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[1]  *See* 7 Am.Jur.2d, Attorneys at Law, § 173, pp. 224- 225 (footnotes omitted)
("An attorney who undertakes to conduct an action impliedly stipulates that he will
prosecute it to a conclusion, and he is not at liberty to abandon the suit without
reasonable cause.  If reasonable cause exists, however, an attorney, prior to
termination of the suit, and on reasonable notice, may end the attorney-client
relationship.").

S:\Cleland\JUDGE'S DESK\Even Orders\05-72104.CHRISTIANMASONRY.CompelDepositions.2.wpd

4