**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHIGAN BRICKLAYERS AND ALLIED
CRAFTWORKERS HEALTH CARE FUND et al.,

     Plaintiffs,

v.                                             Case No. 05-CV-72104-DT

CHRISTIN MASONRY, INC. et al.,

     Defendants.
                                     /

**ORDER GRANTING PLAINTIFFS' MOTION FOR FEES AND COSTS**

Pending before the court is Plaintiffs' May 12, 2006 "Motion for Fees and Costs." No response has been filed and the court finds that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, Plaintiffs' motion will be granted.

**I. BACKGROUND**

Plaintiffs initiated this action on May 27, 2005, seeking to collect unpaid fringe benefit contributions pursuant to 29 U.S.C. § 1132 of the Employment Retirement Income Security Act ("ERISA").

After Plaintiffs' several attempts to serve the summons and complaint upon Defendants failed, the court granted Plaintiffs' motion for substitute service. (7/26/05 Order.) Although Defendants Christin Masonry, Inc. ("CMI"), Kristine Wargo and Jeff Wargo were served in the manner specified by the court's order, Defendants did not file an answer. Plaintiffs obtained a clerk's entry of default on August 17, 2005 and thereafter filed a motion for default judgment. On August 26, 2005, Defendants filed a motion to set aside the entry of default. The court granted Defendants' motion to set

aside the default, allowing the Defendants until September 19, 2005 to file an answer. (9/14/05 Order.)

On September 20, 2005, Plaintiffs served Defendants with several discovery requests, including requests for production of documents and interrogatories.  Inasmuch as Defendants responded by producing only some payroll records, Plaintiffs filed a motion to compel, which the court granted on December 5, 2005.  After Defendants failed to comply with the deadline imposed in the court's December 5, 2005 order, Plaintiffs filed a motion for sanctions and to compel.  On January 6, 2006, the court partially granted Plantiffs' motion, indicating that sanctions would result if the individual Defendants failed to appear for depositions by January 31, 2006, and requiring that Defendants comply with the court's previous discovery order not later than seven days prior to the scheduled depositions.  Defendants failed to comply, yet again, with their court-imposed obligations.  Thus, on February 1, 2006, Plaintiffs filed a motion to extend the court's scheduling order dates and, on February 7, 2006, Plaintiffs filed a renewed motion for sanctions.  Before the court could rule on these motions, Plaintiffs filed two motions for summary judgment.

On May 24, 2006, the court granted Plaintiffs' motions for summary judgment against CMI and the individual Defendants, holding the Defendants jointly liable for $59,713.76 in unpaid fringe benefit contributions and associated costs.  Plaintiffs now move the court to award fees and costs of $42,280.00, including attorney fees of $42,030.00 and court costs of $250.00, against Defendants, jointly and severally.  (Pls.' Br. at 1.)  The attorney fees represent 213 attorney work hours at an hourly rate of

$155, and 90.15 legal assistant work hours at an hourly rate of $100. (Pls.' Ex. 1 at 1-2.)

## II. STANDARD

Pursuant to 29 U.S.C. § 1132(g)(2)(D), after a judgment is rendered in favor of a fiduciary, the court is required to award Plaintiffs "reasonable attorney fees and costs of the action." As this action was brought under 29 U.S.C. § 1145, the award of fees and costs is mandatory. *See Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995).

The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Id.* at 1401 (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (alterations in original and citation omitted.) When "the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product *is presumed* to be the reasonable fee to which counsel is entitled." *Delaware Valley*, 478 U.S. at 564 (emphasis in original (quoting *Blum v. Stenson*, 465 U.S. 886, 897 (1984)).

## III. DISCUSSION

As discussed above, an award of attorney fees and costs is mandatory under 29 U.S.C. § 1132(g)(2).[1] *See Grandview*, 46 F.3d at 1400. A fee award may be made

---

[1] The court also recognizes that the Collective Bargaining Agreements between Plaintiffs and Defendant CMI support an award of "reasonable and

3

without an evidentiary hearing, because the court can fairly decide the award on the basis of Plaintiffs' affidavits and other exhibits.  *See id.* at 1402 ("A hearing is required only where the district court cannot fairly decide disputed questions of fact on the basis of affidavits and other documentation.").  The court must, nonetheless, review the attorney fees documented by Plaintiffs for reasonableness.  *See id.* at 1401 ("[T]he award of attorneys' fees must be reasonable as determined under the 'lodestar' approach").

The court first finds that the hourly rates charged by Plaintiffs' attorneys and their legal assistants are reasonable.  Plaintiffs seek to recover for work performed by attorneys Michael Bommarito and Christopher Leggio, which was billed at an hourly rate of $155.  (Pls.' Ex. 1 at 3).  In support of this rate, Plaintiff offers a 2003 State Bar of Michigan survey demonstrating that during 2003: (a) the average billing rate for all attorneys was $177 per hour; (b) the average billing rate for attorneys with 15 to 19 years of experience was $190 per hour; and (c) the average billing rate for attorneys in South Oakland County was $193 per hour.  (Pls.' Ex. 3. at 5-6.)  *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, Nos. 04-2500 & 04-2521, 2006 WL 1133309, at *3 (6th Cir. Apr. 27, 2006) (approving the district court's reliance on a State Bar survey as evidence of median billing rates in the Eastern District of Michigan); *Edgar v. Sec'y of Dep't of Health & Human Servs.*, No. 90-711V, 1994 WL 256609, at *2 (Fed. Cl. May

---

verifiable cost and collection charges resulting from late payments and delinquent contributions."  (Pls.' Mots. for Summ. J., Exs. F & G.)  Further, a Statement of Policies adopted by the funds' trustees, which is incorporated by reference into the Collective Bargaining Agreements, provides that costs of collection shall include legal fees.  (Pls.' Mots. for Summ. J., Exs. F & G.)

27, 1994) (noting that local Bar surveys can provide information that is useful in assessing the reasonableness of attorney's hourly rates).[2]  The Sixth Circuit has held that a $200 hourly rate was reasonable for legal work in several types of litigation.  *Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed. Appx. 226, 228 (6th Cir. 2005) (finding that "[t]he district court's $200 flat rate is well within the market rate for the Eastern District of Michigan" in a Freedom of Information Act case); *Lamar Adver.*, 2006 WL 1133309, at *3 (approving $200 hourly rate in a 42 U.S.C. § 1983 case involving Detroit area counsel).  Another judge in this district has also held that a $200 hourly rate was reasonable for purposes of a statutory award of attorney's fees.  *Darbyshire v. Garrison*, No. 04-CV-72272, 2006 WL 581032, at *3 (E.D. Mich. Mar. 8, 2006) (Zatkoff, J.) (awarding attorney fees at hourly rates of $200 and $250 in 42 U.S.C. § 1988 litigation involving Detroit counsel).  As such, the $155 rate charged by Plaintiffs' attorneys is significantly below the market rate, despite this court's previous praise of the quality of the firm's work product.  (*See* 5/24/06 Order at 1 n.1 ("The court commends Plaintiffs' counsel on the preparation of the two summary judgment briefs. . . . Such motion briefs, well-supported with precise citations, not only serve the client's interests, but also streamline issues before the court.").)

---

[2]Although unpublished decisions in the Sixth Circuit are not binding precedent, s*ee Sheets v. Moore*, 97 F.3d 164, 167 (6th Cir 1996) (Unpublished opinions "carry no precedential weight [and] . . . have no binding effect on anyone other than the parties to the action."), their reasoning may be "instructive" or helpful.  *See Boyd v. Yukins,* 99 Fed. Appx. 699, 703 (6th Cir. 2004) ("Our unpublished case of *Mix v. Robinson,* 64 Fed. Appx. 952, 957-58 (6th Cir. 2003), is instructive."); *Combs v. Int'l Ins. Co.* 354 F.3d 568, 593 (6th Cir ,2004) ("Although *Willits* [*v. Peabody Coal Co.*, 188 F.3d 510, 1999 WL 701916 (6th Cir. Sept. 1, 1999)] is an unpublished opinion, its reasoning is instructive.").

The court also finds that the hourly rate billed for legal assistants, $100, is reasonable. (Pls.' Br. Ex. 2). The State Bar of Michigan survey shows that in 2003 the median rate charged for legal assistants with 10 years of experience was $85 across Michigan and $93 in South Oakland County. (Pls.' Ex. 3. at 6.) Inasmuch as the legal assistant work was performed in 2005 and 2006, the $100 rate charged by Plaintiffs is comparable to market rates. Further, Plaintiffs attest that the legal assistant who performed the majority of the work has over 20 years experience (Pls.' Br. at 4), justifying an even higher rate.

The court finds that the documentation submitted in support of Plaintiffs' motion is sufficient for the court to determine that the fees and costs are reasonable. *See Grandview*, 46 F.3d at 1402 ("[A]ll that is necessary is evidence supporting the hours worked and rates claimed." (citation omitted)). Plaintiffs submitted an affidavit of the attorney who had primary responsibility for the matter, accompanied by time printouts detailing dates, hours, and a description of each activity. (Pls.' Ex. 1-2).

The court finds that the hours submitted by Plaintiffs are reasonable. Defendants' own repeated failures to respond to court orders prolonged the litigation, increasing the work required by Plaintiffs' counsel. Further, the court has previously recognized counsel's effort expended in careful adherence to the court's procedures. (5/24/06 Order at 1 n.1.) To the extent that the hours documented may exceed the average, they remain well within a reasonable range given the quality of counsel's advocacy.

The court also finds that Plaintiffs may recover $250 in costs, representing the court's filing fee.

6

## IV.  CONCLUSION

For the reasons stated above, Plaintiffs' unopposed motion for fees and costs against Defendants [Dkt. #57] is GRANTED.  Defendants CMI, Jeff Wargo and Kristine Wargo are jointly and severally liable to Plaintiffs in the amount of $42,280 in attorney fees and costs.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: June 22, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
